**Brian A. PERGAMENT, Respondent,**

v.

**LORING PROPERTIES, LTD., Appellant.**

No. CX–98–1031.

Court of Appeals of Minnesota.

Dec. 8, 1998.

Lonny D. Thomas, Gregory M. Erickson, Lonny D. Thomas, P.A., Woodbury, MN (for respondent).

Robert Lewis Barrows, Leonard, Street and Deinard, Minneapolis, MN (for appellant).

Considered and decided by RANDALL, P.J., and FOLEY * and HOLTAN, JJ.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

HARVEY A. HOLTAN, Judge.**

Respondent Brian A. Pergament brought this action against appellant Loring Properties, Ltd. to enforce the terms of a parking easement. Based on the district court's conclusion that the easement was not extinguished as a matter of law, respondent's motion for summary judgment was granted. We affirm in part, reverse in part, and remand.

## FACTS

In 1987, Willow Street Properties (Willow) was the fee owner of an apartment building and an adjacent office building. Willow eventually sold both the apartment property and office property on a contract for deed to BSR Properties (BSR).

Later that year, BSR paid that part of the contract for deed relating to the apartment property and received a deed for the apartment property from Willow. At the same time, BSR mortgaged the apartment to Midwest Federal Savings and Loan (Midwest).

When BSR mortgaged the apartment property to Midwest, BSR and Willow executed a parking easement as a condition of Midwest's financing BSR's purchase of the property. Sections 1 and 4 of the easement provided in relevant part:

[F]or the benefit of the Apartment Property * * * a non-exclusive easement and covenant permitting a right of access and use shall exist over and across [the parking lot] for the following purposes: (a) use of the surfaced parking area situated thereon for eight (8) vehicular parking spaces as reasonably designated by the owner of the Office Property; (b) vehicular and pedestrian access to the Parking Spaces as reasonably designated by the owner of the Office Property * * *.

* * * *

The rights hereby created shall run with the land and be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns, and all present and future owners, occupiers and encumbrances of each and every part of the Apartment Property and Office Property.

In July 1988, BSR paid the balance owing on the contract for deed and received a deed for the office property from Willow. At the same time, BSR mortgaged the office property to Canada Life Assurance Company (Canada Life). For the next two and one-half years, BSR owned and operated both the apartment property and the office property.

BSR conveyed the office property to Canada Life in December 1990. In September 1993, Canada Life sold the office property to appellant Loring Properties. The easement was not referenced in the deed from Canada Life to appellant, but was identified on appellant's title insurance policy.

Respondent purchased the apartment property in February 1997, and Midwest's mortgage was paid. Respondent took his title through BSR, the mortgagor, not through Midwest, the mortgagee of the apartment property. The deed from BSR to respondent expressly mentioned the easement.

Respondent admits that he was unaware of the easement when he took title to the apartment property. Upon learning of the easement, respondent questioned the property manager who told him he knew nothing about it. The property manager indicated that the apartment residents parked on the street or made arrangements with private lots.

It is undisputed that, despite the creation of the easement, the parking lot was operated in exactly the same way as before the easement was created. First BSR, then Canada Life, and now appellant assigned all the parking spaces to office tenants. After the easement was created, the apartment property never used any of the parking space.

Immediately after he purchased the apartment property, respondent demanded that appellant designate eight parking spaces in the parking lot for his exclusive use pursuant

** Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

to the easement. Appellant refused. The district court granted respondent's motion for summary judgment and this appeal followed.

Appellant challenges the district court's grant of summary judgment, alleging that the parking easement was extinguished by the doctrine of merger, or alternatively, that the easement expired by its terms before respondent took title. Appellant also alleges that material fact issues exist with regard to the meaning of the easement's terms. Respondent, in his notice of review, challenges the district court's denial of attorney fees.

## ISSUES

1. Was the easement extinguished by the doctrine of merger?

2. Did the easement expire before respondent purchased the property?

3. Are there material issues of fact as to the construction of the easement?

4. Is respondent entitled to attorney fees?

## ANALYSIS

### Standard of Review

On appeal from summary judgment, the court of appeals must examine whether there are any genuine issues of material fact and whether the lower court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). "[T]he reviewing court must view the evidence in the light most favorable to the party against whom summary judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993).

The Minnesota Supreme Court has interpreted rule 56 as imposing a shifting burden. The party moving for summary judgment must demonstrate that no genuine issue of material fact exists. *Thiele v. Stich,* 425 N.W.2d 580, 583 (Minn.1988). However, when the moving party makes out a prima facie case, the burden of producing facts that raise a material fact issue shifts to the opposing party. *Id.* Summary judgment is proper when the nonmoving party fails to provide the court with "specific indications that there is a genuine issue of fact." *Id.*

■ 1. As a majority rule, easements are extinguished as a matter of law when the servient and dominant estates come into the same ownership. The Restatement of Property, Servitudes § 497 (1944) states:

An easement appurtenant is extinguished by unity of ownership of estates in the dominant and servient tenements to the extent to which the uses which could have been made prior to the unity by virtue of ownership of the estate in the dominant tenement can be made after the unity by virtue of ownership of the estate in the servient tenement.

Restatement of Property, Servitudes § 497 cmt. a further explains:

If the two tracts come into common ownership they cannot continue to be dominant and servient, and the easement appurtenant ceases to exist because, though the privileges of use once authorized by it still exist, they are no longer incidental to the ownership of the dominant tenement but have become incidents of the ownership of what was formerly the servient tenement.

Minnesota courts have adopted the above rule. *Burnquist v. Cook,* 220 Minn. 48, 56, 19 N.W.2d 394, 398 (1945).

■ It is undisputed that the apartment property (the dominant estate) and the office property (the servient estate) came under common ownership in BSR in July 1988. At that time, there was unity of ownership and possession. Appellant argues that the easement was extinguished as a matter of law as to BSR and to those like respondent who took title to the apartment property through BSR.

Respondent, however, asserts that an exception to the doctrine of merger controls this case, where a lender has a security interest in the property, as well as the easement. The Restatement of Property, Servitudes § 497 cmt. d states:

[I]f either a dominant or servient tenement held in fee is subject to a power of termination or to an executory interest, and the fee ownership of the dominant tenement is united with the fee ownership of the servient tenement, the power of termination

782

or the executory interest remains unaffected by such unity. Accordingly, if the power of termination or the executory interest becomes possessory, the possessory estate is entitled to the benefit, or remains subject to the burden, of the easement.

■ In *Schwoyer v. Smith*, 388 Pa. 637, 131 A.2d 385 (Pa.1957), the Supreme Court of Pennsylvania examined this exception to the doctrine of merger on facts similar to the case at bar. The predecessors in title to the original grantor and grantee of the easement were disputing its existence. The defendant alleged that the easement in question was extinguished by merger because the predecessor in interest to the plaintiff and defendant (the Rahns) had acquired title to the dominant estate. Both properties were encumbered by mortgages when they were acquired by the Rahns, and were later sold at foreclosure sales. *Id.* at 386. In dismissing the merger argument, the court held:

The mortgage is, of course (inter alia), a security device for the protection of the mortgagee's interest as a creditor. For this reason, when a mortgage is of record, the mortgagor, although in possession, can pass out of himself no title or interest to the prejudice of the mortgagee. Patently, the mortgage security includes the value of any easement appurtenant to the mortgaged property.

If, therefore, in the case before us, the Rahns took title to the dominant tract, and executed a mortgage upon it before acquiring the servient land, then as to the mortgagee, and his successors in interest, the easement would continue to exist; otherwise, the mortgage security would be impaired.

*Id.* at 388 (quotation omitted) (footnote omitted). While *Schwoyer* involved a plaintiff who acquired interest through a mortgagee, the court held that an easement will continue to exist, despite one having title in both the dominant and servient estates, when at least one of the properties is encumbered by a security interest, such as a mortgage. *Id.*

■ Appellant contends that the exception is inapplicable in the instant case because it protects only the mortgagee and those who take title through the mortgagee. Unlike in *Schwoyer*, respondent here took title through the mortgagor. Appellant asserts that Midwest's security interest in the easement was not extinguished by the merger of the fee estates, but that BSR's interest in the easement, and the interest of those taking through BSR, was extinguished. If applicable, appellant contends the exception would only have been for the benefit of Midwest and its successors, not for the benefit of respondent, who took title through BSR, the mortgagor. We disagree.

Appellant's distinction does not control the outcome here. Because the mortgagee's security interest continued throughout the period of unity of title in BSR, the easement was never extinguished. Thus, it is of no consequence that respondent took title from the mortgagor rather than the mortgagee.

Accordingly, we hold that the easement was not extinguished by the doctrine of merger. Due to our determination, we need not reach the issue of whether intent is a required element of the doctrine of merger.

■ 2. Appellant argues that if the easement was not extinguished by operation of law, it expired according to its terms before respondent took title. Section 3 of the easement provides:

The easements and covenants shall commence as of the date hereof and continue in full force and effect as long as any building or improvement on the Apartment Property exists or is being planned or constructed which uses, or will need or intend to use, the Parking Space.

■■ The plain language of the easement mandates that the easement will exist if a structure exists that will need or intends to use the parking spaces. Even though the apartment owners never used or attempted to use the parking spaces, mere failure to use an easement does not necessarily extinguish it. *Simms v. Fagan*, 216 Minn. 283, 291, 12 N.W.2d 783, 787 (1943). Where an easement is created by grant, deed, or reservation, no duty is cast on the owner of the dominant estate to make use of the easement as a condition to the right to retain an interest in the easement. *Id.*

The fact is that the easement was referenced in several deeds and more than one title insurance policy. This on-going reference to the easement supports respondent's argument that the apartment property "will need or intend to use" the parking spaces. The language found in the easement does not support appellant's assertion that the easement expired. Accordingly, we hold that the easement did not expire pursuant to its terms.

■ 3. The parties apply different meanings to the term "non-exclusive" in the easement. Appellant argues the phrase means that respondent's use of the parking spaces is, at most, the authority to use the spaces at night and on weekends. Whereas, respondent claims he has the exclusive use of eight parking spaces, reasonably designated by appellant. Moreover, because the easement has never been utilized, there is disagreement as to the meaning of "reasonably designated by [appellant]."

The district court examined the affidavits of each of the persons who negotiated and drafted the terms of the easement and found that there was certainly an intention to create an easement granting the apartment property the right to use eight parking spaces for nights and weekends. The court then construed the easement strictly against appellant and found that respondent was entitled to exclusive use of eight parking spaces, including nights, daytime, and weekends. We hold, however, that an evidentiary hearing is necessary to determine the precise meaning of the term "non-exclusive." Other details regarding how the spaces will be "reasonably designated" also need to be determined.

Accordingly, we remand for a hearing as to the meaning of the term "non-exclusive" and for determination of the details regarding how the spaces will be designated for respondent's use.

■ 4. Respondent, in his notice of review, challenges the district court's denial of attorney fees. Section 5 of the easement states:

An action to enforce these easements and covenants may be pursued by the owner of the Apartment Property or the owner of the Office Property through any proceeding at law or in equity against any person violating or attempting to violate any provision of this Declaration. Failure by any party to enforce any rights hereunder shall in no event be deemed a waiver of the right to do so thereafter. Attorneys' fees and costs of actions, whether to restrain violation, compel compliance or to recover damages, shall be payable by any person violating the terms of this Declaration.

The district court denied respondent's motion for attorney fees, finding that, while somewhat in the nature of an action to compel compliance, this action was more in the nature of construing the easement and was not an action likely envisioned by the parties when the easement was created. We disagree. In order to enforce the easement, respondent was compelled to bring this action. Accordingly, attorney fees shall be awarded in an amount to be determined by the district court.

## DECISION

The district court did not err in concluding that the easement was not extinguished by the doctrine of merger or that the easement did not expire by its terms before respondent took title to the servient property. Because we conclude that the terms of the easement are ambiguous, we remand for an evidentiary hearing and an award of attorney fees.

**Affirmed in part, reversed in part, and remanded.**